Ira M. Siegel, Cal. State Bar No. 78142
email address:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:    310-435-7656
Fax:    310-657-2187

Attorney for Plaintiff Digital Sin, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Digital Sin, Inc., a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DOES 1-5698,<br><br>　　　　　　　　　　Defendants. | CASE NO. CV 11-4397 LB<br><br>**[Proposed] ORDER GRANTING PLAINTIFF LEAVE TO TAKE EARLY DISCOVERY** |

## I. INTRODUCTION

Plaintiff Digital Sin, Inc. asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 et seq. of its copyrighted work identified in paragraph 7 of the Complaint (hereinafter the "Work").  Plaintiff has filed an Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference.   It seeks permission to take limited, early discovery to identify and name the Doe defendants in this case.  In its Application, Plaintiff requests that the Court allow Plaintiff to serve subpoenas on Internet Service Providers ("ISPs") identified in Exhibit A to the Complaint to obtain information identifying the Doe defendants so that Plaintiff can make service of process on them.

As discussed below, Plaintiff has demonstrated that: (1) the Doe defendants are real people who may be sued in federal court; (2) Plaintiff is unable to identify by their real names the Doe defendants, or Plaintiff has unsuccessfully attempted to identify the Doe defendants

prior to filing this motion; (3) Plaintiff's infringement claims against the Doe defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood that service of the proposed subpoenas on the ISPs will lead to information identifying the Doe defendants. The court therefore finds that Plaintiff has established good cause exists to allow it to engage in this preliminary discovery. Accordingly, the court **GRANTS** Plaintiff's motion.

## II. BACKGROUND

Article I, Section 8, Clause 8 of the United States Constitution provides that "Congress shall have power . . . to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." The Copyright Act, 17 U.S.C. §§ 101 etc. is Congress' exercise of that power.  Pursuant to 17 U.S.C. § 106, the owner of a copyright has the exclusive right to, among other things, make copies of the copyrighted work.  In addition to injunctive relief, a copyright owner is entitled, pursuant to 17 U.S.C. § 504, to an award of actual damages and profits.

Congress has considered copyright infringement so serious that a copyright owner who has obtained a registration with an appropriate effective date may elect to receive statutory damages instead of actual damages.  17 U.S.C. § 504(c).  Unless a copyright infringer can prove innocent infringement, a court must, if statutory damages are elected, award damages of at least $750, with discretion to award damages up to $30,000 or even up to $150,000 if infringement is willful. *New Form, Inc. v. Tekila Films, Inc.*, 357 Fed. Appx. 10, 11-12,  2009 U.S. App. LEXIS 24887, at **2 (9th Cir. 2009) (unpublished), *cert. den.* 130 S. Ct. 2405, 176 L. Ed. 2d 924, 2010 U.S. LEXIS 3819, 78 U.S.L.W. 3642 (U.S. 2010)  ("There is no required nexus between actual and statutory damages under 17 U.S.C. § 504(c).)  As for innocent infringement, for which the floor for statutory damages may be lowered, but does not have to be lowered, to $200, a defendant bears the burden of establishing innocence.  *NFL v. Primetime 24 Joint Venture*, 131 F. Supp. 2d 458, 476 (S.D. N.Y. 2001).  ("[A] defendant's burden of proving innocent infringement has been described by one commentator as 'a heavy one.'  The burden is on the defendants to establish that any infringement was innocent. It is not sufficient for a defendant merely to claim such innocence". (Citations omitted.))"

With the advent of the Internet, acts of copyright infringement have both increased and have taken on an semi-anonymous character that makes copyright enforcement so much more difficult.  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999), and "Technical report: An Estimate of Infringing Use of the Internet," a January 2011 Report by Envisional Ltd. that was commissioned by NBC Universal.  Exhibit 8 to Plaintiff's Ex Parte Application.  The authors of that report estimated that, even excluding adult film content, more than 17.5% of U.S. Internet traffic has been infringing content, with BitTorrent being the most used file sharing protocol.  While more than one-third of BitTorrent content was non-pornographic film content, all of which was estimated to be infringing, the most-shared content over BitTorrent networks was adult film content.  The authors of the Envisional Report believe that most of that content is copyrighted and infringed.

Vice President Joe Biden has decried this piracy, as has former U.S. Senator Chris Dodd, who is now Chairman and Chief Executive Officer of the Motion Picture Association of America.  Plaintiff's Ex Parte Application, p. 2-3 and Exhibit 5 and 6.

In short, copyright infringement over the Internet, particularly using BitTorrent networks, is a major problem for the motion picture industry that is known to be centered in California, whether for general audience fare or for adult audience content.  See, information at these websites:

   http://www.mpaa.org/policy/state-by-state and

   http://www.cbsnews.com/stories/2003/11/21/60minutes/main585049.shtml

   The problem is compounded by the fact that, as noted above, Internet infringements occur behind a veil of anonymity that cannot be lifted without discovery of subscriber information held by ISPs.

   In this case, Plaintiff alleges that it is a motion picture production company and that it is the owner of the copyrights, and/or the owner of the exclusive rights under the copyrights, in the Work in the United States, that a U.S. copyright registration in the Work has issued, and that Plaintiff owns that registration.  Complaint, pars. 7 and 8.  According to Plaintiff, each of the Doe defendants, without Plaintiff's authorization or license, reproduced and/or distributed at

[Proposed] Order Granting Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference - 3  CV 11-4397 LB

1  least a portion of the Work though a peer-to-peer file sharing network.  Based on this conduct,
2  Plaintiff asserts that each of the Doe defendants has infringed on Plaintiff's exclusive rights in
3  the Work protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, thereby causing
4  damages to Plaintiff. Complaint, pars. 10 and 13-15.  Plaintiff also claims that each of the Doe
5  defendants cooperated with each other to reproduce and distribute the Work in a BitTorrent
6  network.  *Id.*, par. 11.  Plaintiff seeks monetary damages, injunctive relief, attorneys' fees, and
7  costs. *Id*. at pages 4-5.
8        Because the peer-to-peer file sharing network that the Doe defendants utilized is partially
9  anonymous, Plaintiff does not know the defendants' names and addresses, and, as a result, is
10  unable to make service of process on them.  However, Plaintiff has been able to identify the
11  Internet Protocol address ("IP address") assigned to each of the Doe defendants at the date and
12  time ("Timestamp") that each defendant's alleged infringement of the copyrighted Work was
13  monitored. .  Additionally, Plaintiff has identified the Internet Service Provider ("ISP") for each
14  of the IP address/Timestamp combinations listed in Exhibit A of the **Complaint**. Ex Parte
15  Application, at pages 6, 7 and 9, and paragraphs 7-8, 18-20, 22-24 of the Nicolini Declaration
16  filed in support of the Ex Parte Application.
17        In order to obtain the identities of the Doe defendants, Plaintiff requests that, pursuant to
18  Federal Rule of Civil Procedure 26(d), the court grant it leave to  serve a Rule 45 third-party
19  subpoena on each ISP listed in Exhibit A of the Complaint that assigned an IP addresses to the
20  Doe defendants so that Plaintiff may obtain the names and contact information of the Doe
21  defendants to effect service of process on them.
22                           **III. DISCUSSION**
23      **A. Legal Standard for Leave to Take Early Discovery**
24        A court may authorize early discovery before the Rule 26(f) conference for the parties' and
25  witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d).  Courts within the
26  Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early
27  discovery.  *See, e.g., Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-277
28  (N.D. Cal. 2002); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14

[Proposed] Order Granting Plaintiff's Ex Parte Application for Leave   4
to Take Limited Discovery Prior to a Rule 26 Conference -  CV 11-4397 LB

1  (D. Ariz. 2001) (collecting cases and standards).

2  When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. 17  Cal. 1999).

### B. Plaintiff Has Shown Good Cause

Here, Plaintiff has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants. The Court finds that Plaintiff has shown good cause for limited expedited discovery. Third-party subpoenas appear to be the only way Plaintiff can identify Defendants, and Plaintiff must identify them in order to effect service of process. Plaintiff has identified the Defendants with the required specificity, recounted the steps taken to locate Defendants, and shown that its action could survive a motion to dismiss.

First, Plaintiff has identified the Doe defendants with sufficient specificity by submitting a chart (Exhibit A) listing each of the defendants by the IP address assigned to him, her or it at the date and time that Plaintiff alleges it monitored infringing activity by that particular defendant. *See* Nicolini Declaration, pars. 17, 18 and 22.

Second, Plaintiff has adequately described the steps taken to locate and identify the Doe defendants. Specifically, Plaintiff investigated and collected data on unauthorized copying and distribution of the Work on a BitTorrent-based peer-to-peer network. Nicolini Decl., pars. 6 and 11-22. ("[A]ll of the infringers identified as 'Doe' defendants in the Digital Sin, Inc. Complaint

used BitTorrent software.  Further, the hashes associated with the torrent files on the computers having the IP addresses and time stamps listed in **Exhibit A** are all identical to each other, that is, they all have the same hash.  This demonstrates that all the Doe defendants listed in Exhibit A joined the same swarm." *Id.*, par. 22.)  The data gathered on Plaintiff's behalf, separated out by Doe defendant, is listed in Exhibit A to the Complaint and includes each defendant's IP address, the ISP that assigned that IP address to the defendant, and the date and time the defendant's infringement of Plaintiff's copyrighted work was monitored.  However, Plaintiff has been unable to further identify the Doe defendants.  Nicolini Decl., par. 6, 8, 18 and 19.

Third, Plaintiff has pled the essential elements to state a claim for copyright infringement against the Doe defendants: that Plaintiff owns the copyright in the subject work and that Doe defendants have copied the work without authorization.  *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Complaint, pars. 7, 8, 10, 11, 13 and 14.

Fourth, Plaintiff has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow Plaintiff to effect service of process on the Doe defendants. Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify the Doe defendant who subscribed to its service, including the defendant's name, address, telephone number, and email address.  Nicolini Decl., pars. 23 and 24, and Exhibit 1 to the Ex Parte Application.

The court has considered potential First Amendment and privacy rights of ISP subscribers. In this regard, Plaintiff does not seek the identity of all of an ISP's subscribers or of a random subset of subscribers.  Plaintiff seeks the identities of specific subscribers, identified by IP addresses and Timestamps, whose subscriptions were discovered to have been used in connection with alleged infringement.  Such subscribers, in contracting with ISPs for Internet service, have disclosed their identities in what is obviously a commercial transaction.  If, as alleged by Plaintiff, apparently in good faith in view of the information provided in the Nicolini Declaration, defendants have engaged in copying and/or distributing the Work on a peer-to-peer network, such defendants have little expectation of privacy because they opened their computers

to others through peer-to-peer file sharing. See, *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652 SBA, 2006 U.S. Dist. LEXIS 32821 at *8-9 (N.D. Cal. Mar. 6, 2006).  As for the First Amendment, defendants may not use it as a shield to encroach on the intellectual property rights of others.  While a person who uses the Internet to download or distribute copyrighted works without permission may be engaging in some form of speech, that person is engaging in speech only to a limited extent, and the First Amendment does not protect the person's identity from disclosure.  *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 558, 562-3 (S.D.N.Y. 2004).

The Court has also considered the matter of joinder of multiple defendants at this stage of the litigation.  Fed.R.Civ.P. Rule 20 specifically states (emphasis added):

> "Persons * * * may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the **same transaction, occurrence, or series of transactions or occurrences**; and (B) any question of law or fact common to all defendants will arise in the action."

and

> "Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities."

Further, the United States Supreme Court has stated, "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

In this case, Plaintiff alleges that all the Doe defendants have engaged in the same transaction, occurrence, or series of transactions or occurrences, namely, that each of the Doe defendants has infringed the same copyrighted work, and that they did so using the same scheme, namely using a BitTorrent P2P network, in cooperation with each other.  Complaint, par. 10. Plaintiff further alleges that the Doe defendants have cooperated with each other.  Complaint, par. 11.  The allegations are supported by the Nicolini Declaration (Doc. #30).  See, for example,

par. 22 of the Nicolini Declaration wherein Mr. Nicolini testifies, among other things, (emphasis added):

> "the hashes associated with the torrent files on the computers having the IP addresses and time stamps listed in Exhibit A are all identical to each other, that is, **they all have the same hash.  This demonstrates that all the Doe defendants listed in Exhibit A joined the same swarm**."

In addition, according to BitTorrent, Inc., itself, the very purpose of the BitTorrent protocol is to allow people to **both** download a file and for them to upload what they had downloaded to others.  This is seen here:

http://www.bittorrent.com/help/guides/beginners-guide

where BitTorrent, Inc. explains,

> "BitTorrent is a protocol (a set of rules and description of how to do things) allowing you to download files quickly by allowing people downloading the file to upload (distribute) parts of it at the same time. BitTorrent is often used for distribution of very large files, very popular files and files available for free, as it is a lot cheaper, faster and more efficient to distribute files using BitTorrent than a regular download."

As explained by Plaintiff's witness (Nicolini Decl., par. 7),
> "[E]ach peer (i.e. member of a swarm) in a P2P network has acted and acts in cooperation with the other peers by agreeing to provide, and actually providing, an infringing reproduction of at least a substantial portion of a copyrighted work in anticipation of the other peers doing likewise with respect to that work and/or other works.  Joining a P2P network is an intentional act, requiring the selection by a peer of multiple links to do so."

Plaintiff has made well-pleaded allegations to satisfy Rule 20(a)(2)(A), which provides that joinder is proper if 'any right to relief is asserted against [the joined defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.' This test is flexible; as noted above, courts are encouraged to seek the 'broadest possible scope of action consistent with fairness to the parties.' Gibbs, 383 U.S. at 724. Plaintiff has made well-pleaded allegations that the relief its seeks arises out of the same transaction, occurrence, or series of transactions. Plaintiff and its expert witness have alleged that the Doe defendants have each used the BitTorrent protocol to reproduce Plaintiff's copyrighted work without license or permission. Specifically, as peers in a single swarm associated with the work, the Doe defendants are alleged to have reproduced Plaintiff's

copyrighted motion picture and to have cooperated with each other in doing so.  Complaint, pars. 10 and 11, and Nicolini Decl.,  pars. 6, 7, 18, and 22.  Based on these allegations, each Doe defendant is an alleged copier of the same motion picture and each is a possible source of portions of an unlawful copy to other Doe defendants.

Plaintiff's well-pleaded allegations also satisfy Rule 20(a)(2)(B), which provides that joinder is proper if 'any question of law or fact common to all defendants will arise in the action.' On the legal merits, Plaintiff will have to establish the validity of its copyright in the motion picture at issue and the exclusive rights reserved to it as the copyright holder. Against the Doe defendants, Plaintiff has alleged the use of the BitTorrent protocol to reproduce and distribute its copyrighted materials. Consequently, the factual inquiry into the method used in any alleged copyright infringement will be substantially identical, and the methods Plaintiff will use to investigate, uncover, and collect evidence about any infringing activity will be the same as to each Doe defendant. The Court recognizes that each Doe Defendant may later present different factual circumstances to support individual legal defenses. Prospective factual distinctions, however, will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)  at this stage in the litigation.

Further, joinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both Plaintiff and any future-named defendants. Joinder does not create any unnecessary delay nor does it prejudice any party. Rather, **it is severance that is more likely to likely to cause delays and prejudice** both Plaintiff and future-named defendants alike. Delays are likely to occur, and the resources of the courts to be substantially taxed, in the event that Doe defendants were severed, as each resulting individual case would require its own proceedings, including its own motion to issue subpoenas to identify the names and addresses associated with the Doe defendants' IP addresses. Additionally, Plaintiff would be prejudiced if severance were granted, as each of the resulting claims would require its own filing fees, a multiplication of expense that would further inhibit Plaintiff's ability to protect its legal rights that have been provided by the Constitution (Article I, Section 8, Clause 8) and The Copyright Act, 17 U.S.C.

§§ 101 etc.  Such obstacles would make it highly unlikely Plaintiff could protect its copyright in a cost-effective manner.  Future-named defendants would also be disadvantaged if severance were granted, as joined defendants enjoy the benefit of seeing what defenses, if any, other defendants may assert to avoid liability.  Any future-named defendant will still be considered individually for any ruling on the merits of Plaintiff's claims (per Fed.R.Civ.P. Rule 20(a)(3), belying the notion that joinder will deny any defendant individual justice. Finally, future-named defendants will retain the right to raise their arguments in favor of severance at a later time, that is, after they are identified by their actual identities.

The Court has little reason to believe that any risk arises of unfairness or denial of individual justice to each defendant at this stage in the litigation. Once the Doe defendants have been actually named as parties to this lawsuit, the case against each of them will yet be individually considered for purposes of any ruling on the merits. At this stage, joinder of the defendants promotes judicial economy while protecting the interests of the parties for a just, speedy, and inexpensive outcome. Joinder at this stage is therefore consistent with fairness to the parties.

As stated in *Voltage Pictures, LLC v. Does*, No. 10- 0873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *29 (D.D.C. May 12, 2011), and cited with approval by United States District Judge Edward M. Chen in *MCGIP, LLC v. Does 1-18*, 2011 U.S. Dist. LEXIS 64188 [*2] (N.D. Cal. June 2, 2011), "At this stage in the litigation, . . . when discovery is underway [only] to learn identifying facts necessary to permit service on Doe defendants, joinder . . . of unknown parties identified only by IP addresses is proper," particularly where, as here, the Complaint and supporting declaration contain allegations that the Doe defendants have infringed Plaintiff's copyright through "the same file-sharing software program [*i.e.*, BitTorrent] that operates through" users joining the same swarm.

The ruling herein is consistent with the decision reached by Magistrate Judge Elizabeth D. Laporte in <u>Hard Drive Productions v. Does 1-42,</u> N.D. Cal. Case No. CV 11-01956 EDL (N.D. Cal. Decided August 3, 2011) Doc. #20 (emphasis added):
> "This Court [originally] denied the application [for early discovery] without prejudice due to an inadequate showing that the Defendants were properly joined.

Plaintiff subsequently filed a Revised Application on June 16, 2011 with an extended discussion on joinder.

"On July 14, 2011, this Court again denied the application without prejudice because Plaintiff did not make a sufficient showing that the Doe Defendants were participating in a common BitTorrent swarm and a leave was granted for Plaintiff to submit a declaration to remedy the deficiency. **Plaintiff then filed its Supplemental Declaration of Peter Hansmeier, confirming that all the Doe Defendants participated in a common swarm because the torrent file shared among the swarm was identified by a unique file hash.** Hansmeier Supp. Decl. [Doc. #18], ¶ 5.

"Having considered Plaintiff's Supplemental Declaration of Peter Hansmeier as well as Plaintiff's prior submissions, the Court hereby GRANTS Plaintiff's Revised Ex Parte Application on the grounds that Plaintiff has demonstrated good cause to take early discovery. Plaintiff has met the burden of showing that the information requested by the discovery was necessary to effect service on the Doe Defendants, as well as demonstrating a basis for joining the Doe Defendants in this action."

The Court has also considered the issue of personal jurisdiction over Doe defendants that might not reside in this District. Reaching a decision on that issue at this stage of the litigation is premature, and this Court may very well have jurisdiction over all potential Doe defendants.

Regarding consideration of personal jurisdiction's being premature, in a decision favorably cited by United States District Judge Edward M. Chen in *MCGIP, LLC v. Does 1-18*, 2011 U.S. Dist. LEXIS 64188 [*2] (N.D. Cal. June 2, 2011), United States District Judge Beryl Howell explained, in *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332 (D.D.C. March 22, 2011) (emphasis added),

"The Court rejects this argument [that it lacks personal jurisdiction] for three reasons. First, as the Amici concede, publicly available IP lookups reveal only where a defendant is 'likely' to be located. *Id.* at ¶ 4. Given that these lookup tools are not completely accurate, this does not resolve the question of whether personal jurisdiction would be proper. Ultimately, the Court would still be unable to properly evaluate jurisdictional arguments until the putative defendants are properly identified and named. *See Sony,* 326 F. Supp. 2d at 567-68 ('Assuming personal jurisdiction were proper to consider at this juncture, the [publicly available IP lookup] techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located [outside this jurisdiction]. This, however, does not resolve whether personal jurisdiction would be proper.').

"Second, **the nature of the BitTorrent technology enables every user of the file-sharing protocol to access copyrighted material from other peers, who may be located in multiple jurisdictions 'around the country,' including this one**. Amended Compl., *Wild*, ECF No. 6, ¶ 4. Amici raise the prospect that the consequence of this theory is that any Internet user may be haled into court in any jurisdiction in the country for any online activity. Transcript of Mot. Hearing at 34-35, Call of the Wild Movie LLC v. Does 1-1,063, No. 10-cv-455 (Mar. 1, 2011) ('If merely placing information online were enough to establish personal jurisdiction in the District or anyplace their information could be obtained and downloaded and accessed, the limits on personal jurisdiction would be

abolished.'). While that broad prospect would indeed be troubling, that is not the situation here. *See generally GTE New Media Servs.*, 199 F.3d at 1350 ('[T]he advent of advanced technology, say, as with the Internet, should [not] vitiate long-held and inviolate principles of federal court jurisdiction.'). **The allegations in the Complaints in *Wild*, *Maverick* and *Donkeyball* do not involve general Internet access, but specific use of a file-sharing protocol that may touch multiple jurisdictions to effectuate a download of a single copyrighted work. Moreover, so far, no putative defendant has been named or 'haled' before this Court. The plaintiffs in each case will be able to proceed only against those named defendants over whom this Court has personal jurisdiction.**

"Finally, at this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction or to evaluate possible alternate bases to establish jurisdiction. *See, e.g., London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ('Even taking all of the facts in [the putative defendant's] affidavit as true, it is possible that the Court properly has personal jurisdiction.'); *Humane Soc'y of the United States v. Amazon.com, Inc.*, No. 07-623, 2007 U.S. Dist. LEXIS 31810, at *10 (D.D.C. May 1, 2007) ('[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum,' quoting *Virgin Records Am., Inc. v. Does 1-35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006)). Certainly, the Court concurs with Amici that the putative defendants deserve to have dispositive issues, such as personal jurisdiction, decided promptly. Amici Reply Brief, *Wild*, ECF No. 22, at 10. **When the defendants are named, they will have the opportunity to file appropriate motions challenging the Court's jurisdiction and that will be the appropriate time to consider this issue**. *See Virgin Records*, 2006 WL 1028956, at *3 (Amici's personal jurisdiction arguments rejected since 'Defendant's Motion to Quash is without merit [] because it is premature to consider the question of personal jurisdiction in the context of a subpoena directed at determining the identity of the Defendant,' citing *Elektra Entm't Grp., Inc. v. Does 1-9*, No. 04-2289, 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); *Sony*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y.2004); *UMG Recordings v. Does 1-199*, No. 04-0093, at *2 (D.D.C. Mar. 10, 2004)).

"The Court and parties are in no position yet to evaluate each putative defendant's specific connection with this jurisdiction. Quashing the subpoenas would effectively bar the plaintiffs' from obtaining discovery pertinent to that evaluation, and **this Court declines to cut off jurisdictional discovery prematurely**."

Further, with copyright infringement involving cooperation with many potential defendants in this District (Nicolini Decl., par. 23), or having a direct effect on Plaintiff in California, this Court may exercise personal jurisdiction over out-of-state defendants under the effects test set out in *Calder v. Jones*, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984). As explained by U.S. District Judge Patel in <u>IO Group, Inc. v. Pivotal</u>, No. C 03-5286 MHP, 2004 U.S. Dist. LEXIS 6673, 2004 WL 838164, *6 (N.D. Cal. Apr. 19, 2004),

"Finally, this court may also exercise specific jurisdiction over defendants under the *Calder* effects test. See *Panavision v. Int'l, LP v. Toeppen*, 141 F.3d

1316, 1321 (9th Cir. 1998) (citing *Calder v. Jones*, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984)). [*17]  Under *Calder*, personal jurisdiction can be based upon '(1) intentional actions, (2) expressly aimed at the forum state, (3) causing harm, the brunt of which is suffered--and which the defendant knows would likely be suffered--in the forum state.' *Id.* (citing *Core-Vent Corp. v. Nobel Ind. AB*, 11 F.3d 1482, 1486 (9th Cir. 1993)). Copyright infringement may be characterized as an intentional tort. See *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), overruled on other grounds by *Feltner v. Columbia Pictures Television*, 523 U.S. 340, 140 L. Ed. 2d 438, 118 S. Ct. 1279 (1998); . . . .

"* * * IO Group also alleges that all of the studios in the gay adult entertainment industry are located in California. Webb Decl. P21. As a result, defendants knew that the brunt of the harm resulting from their infringement would likely be felt in California. Based on this evidence, IO Group has adequately demonstrated that defendants published images belonging to a California company, affecting an industry primarily centered in California, knowing that harm would likely be felt in that state. Construing these facts in a light most favorable to the plaintiff, IO Group has made a prima facie case that defendants are subject to the personal jurisdiction of this court under *Calder*."

In this case, we have a Plaintiff that, between the Complaint and the Nicolini Declaration, has made out a *prima facie* case that subscribers having the IP addresses on the date/time combinations set forth in Exhibit A of the Complaint have infringed the same SINGLE copyrighted Work by participating in the same swarm.  While Doe defendants, if they are actually named as defendants in this case, will have the right and opportunity to contest liability, Plaintiff is entitled to learn such subscribers' identities so that Plaintiff may attempt to make its case against them.

The court finds that the foregoing factors, taken together, demonstrate that good cause exists to grant Plaintiff leave to conduct early discovery to identify the Doe defendants. *See Semitool*, 208 F.R.D. at 276.

Further, the court finds that early discovery furthers the interests of justice and poses little, if any, inconvenience to the subpoena recipients. Permitting Plaintiff to engage in this limited, early discovery is therefore consistent with Rule 26(d).

## IV. CONCLUSION

The Court, having reviewed Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference and the supporting documents submitted therewith, and good cause appearing therefore, hereby grants Plaintiff's Ex Parte Application and orders as follows:

1. **IT IS HEREBY ORDERED** that Plaintiff is allowed to serve immediate discovery on the internet service providers (ISPs) listed in Exhibit A to the Complaint filed in this matter to obtain the identity of the Doe Defendants listed in that Exhibit by serving a Rule 45 subpoena that seeks information sufficient to identify each such Defendant, including the name, addresses, telephone numbers, and email addresses of such Defendant.

2. **IT IS FURTHER ORDERED** that Plaintiff's counsel shall issue subpoenas in substantially the same form as the example attached as Exhibit 1 to Plaintiff's Ex Parte Application for Leave to Take Limited Discovery Prior to a Rule 26 Conference, with each subpoena including a copy of this Order.

3. **IT IS FURTHER ORDERED** that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551.  In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

> "(c) Disclosure of personally identifiable information
>      \*\*\*
> "(2) A cable operator may disclose such information if the disclosure is—
>      \*\*\*
> "(B) subject to subsection (h) [relating to disclosures to governmental agencies] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."

This Order is an order authorizing such disclosure.

4. **IT IS FURTHER ORDERED** that each ISP will have <u>30 days</u> from the date of service upon it to serve each of its subscriber(s) whose identity information is sought with a copy of the subpoena and a copy of this Order.  The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

5.   **IT IS FURTHER ORDERED** that each ISP and each subscriber shall respectively have <u>30 days</u> from the date of service upon him, her or it to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If a subscriber does file a motion contesting the subpoena, such motion, and any application relating thereto, must be served on both the ISP and Plaintiff's counsel, and the motion must include the identity of the ISP, and the IP address/Timestamp combination at issue.  In addition, a subscriber must comply with applicable rules relating to identifying him, her or it in connection with such a motion.  See, also, Order Quashing Motion to Strike, Doc. #40, *New Sensations, Inc. v. Does 1-1745*, Case No. CV 10-05863 WHA (N.D. Cal. July 26, 2011).  ("If the litigant wishes to protect his or her identity from the *public*, the litigant may use a pseudonym in public filings only after receiving permission for good cause shown. The Ninth Circuit court of appeals, however, allows the use of pseudonyms only in the most unusual cases. See, e.g., *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000).)" (All italics original.)  If each respective 30-day period lapses without the respective ISP and subscriber contesting the subpoena, the ISP shall have <u>10 days</u> to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

6.   **IT IS FURTHER ORDERED** that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do **not** apply and no such fees need be tendered.

7.   **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this Order shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, and that any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

8.   **IT IS FURTHER ORDERED** that any ISP that receives a subpoena shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or

the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

9.      **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

10.     **IT IS FURTHER ORDERED** that joinder of all defendants at this stage of the litigation is proper.  This decision is without prejudice to any motion for severance made by a current Doe defendant that Plaintiff **later names in this action by such Doe defendant's true name**.

11.     **IT IS FURTHER ORDERED** that this Court's exercise of personal jurisdiction over all defendants at this stage of the litigation is proper.  That is, the discovery desired by Plaintiff is not being sought either to establish jurisdictional facts or for an improper purpose.  Rather, Plaintiff is seeking only to identify who the defendants in this case are.  This decision is without prejudice to any motion for severance made by a current Doe defendant that Plaintiff later names in this action by such Doe defendant's true name.  Until that time, however, consideration of dismissal under Rule 12(b)(2) is inappropriate.  *Cf. Call of the Wild Movie, LLC v. Does*, Nos. 10-455 (BAH), 10-569 (BAH), 10-1520 (BAH), 2011 U.S. Dist. LEXIS 29153, at *31 (D.D.C. Mar. 22, 2011) (concluding that, "[w]hen the [doe] defendants are named, they will have the opportunity to file appropriate motions challenging the Court's [personal] jurisdiction and that will be the appropriate time to consider this issue"), cited with approval by United States District Judge Edward M. Chen in *MCGIP, LLC v. Does 1-18*, 2011 U.S. Dist. LEXIS 64188 [*2] (N.D. Cal. June 2, 2011).  See, also, Order Quashing Motion to Strike, Doc. #40, *New Sensations, Inc. v. Does 1-1745*, Case No. CV 10-05863 WHA (N.D. Cal. July 26, 2011), "Additionally, to the extent the motion contests personal jurisdiction, it is premature, because the movant has not yet been named as a defendant in the action. The clerk shall STRIKE Dkt. No. 39."

12.     **IT IS FURTHER ORDERED** that averments by a putative Doe defendant that he, she or it has actually not infringed the copyright at issue in this case are premature at this

stage of the litigation and do not provide a basis for denying Plaintiff the discovery it currently seeks.

> "A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information. That would deny the plaintiff access to the information critical to bringing these individuals properly into the lawsuit to address the merits of both the plaintiff's claim and their defenses. See *Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (denying motions to quash filed by putative defendants in BitTorrent file-sharing case and stating that putative defendants' 'denial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue [before the putative defendants are named parties].')"

*Voltage Pictures, LLC v. Does*, No. 10- 0873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *18-20 (D.D.C. May 12, 2011), cited with approval by United States District Judge Edward M. Chen in *MCGIP, LLC v. Does 1-18*, 2011 U.S. Dist. LEXIS 64188 [*2] (N.D. Cal. June 2, 2011).

**IT IS SO ORDERED.**

Date: _____ ___ , 2011            _____