UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| DIGITAL SIN, INC., | No. C 11-04397 LB |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY AND DISMISSING DOES 2-5698** |
| v. | |
| DOES 1-5698, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Digital Sin, Inc. ("Digital Sin") asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* Complaint, ECF No. 1 at 2-4.[1] It seeks permission to take limited, expedited discovery from certain Internet Service Providers ("ISPs") to identify and name the Doe defendants in this case so that it can complete service of process. *Ex Parte* Motion for Expedited Discovery, ECF No. 3 at 5. Digital Sin consented to this court's jurisdiction on September 12, 2011. ECF No. 10 at 1.

As discussed below, the court finds good cause exists for Digital Sin to engage in this preliminary discovery but only with respect to Doe 1. Because Digital Sin has not demonstrated that permissive joinder is appropriate, the court severs Does 2-5698 from this action and dismisses them without prejudice.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-04397 LB

## II. BACKGROUND

Digital Sin is an California company that is the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in the motion picture titled "My Little Panties #2" (the "Motion Picture"). Complaint, ECF No. 1 at 2-3, ¶¶ 4, 7, 8. According to Digital Sin, the Doe defendants, without its permission, reproduced and distributed the Motion Picture to numerous third parties through a peer-to-peer file sharing network thereby violating the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and causing economic and reputation damages. *Id.* at 3, ¶ 10.

Because the peer-to-peer file sharing network that the Doe defendants utilized is partially anonymous, Digital Sin does not know the defendants' names and addresses and cannot complete service of process on them. Motion, ECF No. 3 at 5. It has been able to identify the Internet Protocol ("IP") address assigned to each of the Doe defendants, the Internet Service Provider ("ISP") for each of the IP addresses, and the date and time that each defendant allegedly infringed on Digital Sin's copyrighted work. *Id.* at 9. Digital Sin therefore asks for early discovery under Federal Rule of Civil Procedure 26(d) and leave to serve Rule 45 third-party subpoenas on each ISP associated with the identified IP addresses to obtain the names and contact information of the Doe defendants to effect service of process on them. *Id.* at 24.

## III. DISCUSSION

### A. Legal Standard for Leave to Take Early Discovery

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that

discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**1. Digital Sin Has Shown Good Cause**

Here, Digital Sin has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, Digital Sin has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct. *See* Exh. A, ECF No. 1 at 8-132; Nicolini Decl., ECF No. 4 at 6-7, ¶ 18.

Second, Digital Sin has adequately described the steps it took to locate and identify the Doe defendants. Specifically, it investigated and collected data on unauthorized distribution of copies of the Motion Picture on BitTorrent-based peer-to-peer networks. Nicolini Decl., ECF No. 4 at 4-7, ¶¶ 14-18. The data that Digital Sin gathered, separated out by Doe defendant, is listed in Exhibit A to the complaint and includes each defendant's IP address, the ISP that assigned that IP address, and the date and time the defendant infringed on its copyrighted work. Exh. A, ECF No. 1 at 8-132. Digital Sin has been unable to further identify the Doe defendants. Nicolini Decl., ECF No. 4 at 6-7, ¶¶ 18-19.

Third, Digital Sin pled the essential elements to state a claim for copyright infringement. Complaint, ECF No. 1 at 2-4, ¶¶ 6-15.

Fourth, Digital Sin has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow it to effect service of process on the Doe defendants.

1  Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify
2  the Doe defendant who subscribed to its service, including the defendant's name, address, telephone
3  number, and email address. Motion, ECF No. 3 at 28.

4  Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant
5  Digital Sin leave to conduct early discovery generally. *See Semitool*, 208 F.R.D. at 276.
6  Furthermore, the court finds that early discovery furthers the interests of justice and poses little, if
7  any, inconvenience to the subpoena recipient. Permitting Digital Sin to engage in this limited, early
8  discovery is therefore consistent with Rule 26(d).

## B. Digital Sin Failed to Show that Permissive Joinder is Appropriate

Under Rule 20(a), permissive joinder of defendants is appropriate where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by the severance." *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); Fed. R. Civ. P. 21. Courts should construe Rule 20 liberally "in order to promote trial convenience and to expedite the final determination of disputes." *See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Courts may consider various factors to determine whether joinder "comport[s] with the fundamental principles of fairness," including the possibility of prejudice to the parties and the motives of the party seeking joinder. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Other courts in this district and elsewhere have found misjoinder in similar copyright infringement cases. *See, e.g., Diabolic Video Prods. v. Does 1-2099*, No. C 10-5865 PSG, 2011 U.S. Dist. LEXIS 58351, at *9 (N.D. Cal. May 31, 2011); *Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 U.S. Dist. LEXIS 73837, at *7-*14 (N.D. Cal. Jul. 8, 2011) (collecting cases); *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL 445043, at *3-*6 (N.D. Cal. Feb. 3, 2011) (collecting cases). Those courts have found allegations that BitTorrent users downloaded the same copyrighted files insufficient to support joinder. *See, e.g., Pac. Century Int'l*, 2011 U.S.

Dist. LEXIS 73837 at *12-*13. In contrast, other courts have found joinder appropriate at this stage in the litigation. *See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 342-43 (D.D.C. 2011); *Donkeyball Movie, LLC v. Does 1-171*, Civil Action No. 10–1520 (BAH), 2011 WL 1807452, at *4-*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1-5829*, Civil Action No. 11–57 (CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011).

The court concludes here that Digital Sin fails to demonstrate that joinder is appropriate. Digital Sin argues that the Doe defendants are properly joined the Doe defendants downloaded and shared the same file (*i.e.*, were a part of the same swarm) and the nature of the BitTorrent technology requires concerted action with regard to each swarm. Motion, ECF No. 3 at 15-23. But, without more, permissive joinder is inappropriate, particularly given that 5,698 Doe defendants downloaded the protected work at various dates and times ranging from April to August 2011. *See generally* Exh. A, ECF No. 1; *see Diabolic Video Prods.*, 2011 U.S. Dist. LEXIS 58351 at *11 n.16 (collecting cases).

Joinder also fails to promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. *See On The Cheap, LLC v. Does 1-5011*, No. C10–4472 BZ, 2011 WL 4018258, at *2 (N.D. Cal. Sept. 6, 2011). Though the 5,698 Doe defendants may have engaged in similar behavior, they are likely to present different defenses. *See BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004). As one court noted, "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe." *Id.* Additionally, a court in this district found joinder inappropriate because of the case management issues involved in a case with thousands of defendants. *See On The Cheap, LLC v. Does 1-5011*, 2011 WL 4018258, at *2 (noting the associated logistical problems).

### C. Protections for ISP Subscribers

"[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause shown." *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The court issues the limited protective order described below because the ISP subscribers may be innocent third parties,

the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent parties from contesting the allegations.

Here, as has been discussed by other courts in this district, the ISP subscribers may not be the individuals who infringed upon Digital Sin's copyright. *See, e.g., Pacific Century Intern. Ltd. v. Does 1-101*, No. C–11–02533 (DMR), 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011); *see also IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011) (granting the plaintiff additional time to identify and serve the true defendant where a subscriber asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address to infringe the plaintiff's work, and the plaintiff claimed that it needed to take third-party discovery from the subscriber to try to identify who actually used the subscriber's IP address to allegedly infringe the plaintiff's work). The privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents. *See Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990).

Additionally, requests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *See Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality.

Furthermore, in this case, Digital Sin admits that only one of eight of the Doe defendants likely is located in this district. Nicolini Decl., ECF No. 4 at 9, ¶ 23. Thus, it is plausible, that the remaining Doe defendant has a valid jurisdictional defense.

In light of the considerations, including the jurisdictional issue that might be particularly challenging for an individual proceeding without counsel, "protections for the Doe Defendants are warranted to ensure that no defendant with potentially valid objections to the jurisdiction and venue of this court is forced to settle to avoid litigation in a distant court." *Liberty Media Holdings, LLC v. Does 1-62*, Civil No. 11cv 575 MMA (NLS), 2011 WL 1869923, at *6 (S.D. Cal. May 12, 2011).

Accordingly, the court **ISSUES** a protective order to the limited extent that any information regarding the Doe defendant released to Digital Sin by the ISP shall be treated as confidential for a

limited duration. *See IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2010 WL 5071605, at *2 (N.D. Cal. 2010). Specifically, Digital Sin shall not publicly disclose that information until the Doe defendant has the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the court. *Id.* If the Doe defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Digital Sin's counsel, this limited protective order will expire. *Id.* Given the potential embarrassment associated with being publicly accused of having illegally downloaded adult entertainment, if the Doe Defendant includes identifying information within his or her request to proceed anonymously, the court finds good cause to order the papers filed under seal until the court has the opportunity to rule on the request. *See id.* at 3 (permitting party to file under seal a declaration with identifying information). If the Doe defendant includes identifying information with his or her request to proceed anonymously and the request is placed under seal, the court will direct the Doe defendant to submit a copy of the under-seal request to Digital Sin and will ensure that Digital Sin has time to respond.

## IV. CONCLUSION

For the reasons stated above, the court **SEVERS** Does 2-5698 from this action and **DISMISSES WITHOUT PREJUDICE** Digital Sin's claims against them. Should Digital Sin re-file separate complaints against any of these defendants within 20 days of this order, those suits will be deemed a continuation of the original action for purposes of the statute of limitations.

The court **GRANTS** Digital Sin's *Ex Parte* Motion for Expedited Discovery with respect to Doe 1 as follows.

1. **IT IS HEREBY ORDERED** that Digital Sin may immediately serve a Rule 45 subpoena on the Internet Service Provider (ISP) listed in Exhibit A to the complaint to obtain information to identify Doe 1, including his or her name, address, telephone number, and email address. The subpoena shall have a copy of this order attached.

2. **IT IS FURTHER ORDERED** that the ISP will have 30 days from the date of service upon them to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to his or her last known address,

1  transmitted either by first-class mail or via overnight service.

2     3.  **IT IS FURTHER ORDERED** that Doe 1 shall have <u>30 days</u> from the date of service upon
3  him or her to file any motions contesting the subpoena (including a motion to quash or modify the
4  subpoena) with the court that issued the subpoena.  If that 30-day period lapses without Doe 1
5  contesting the subpoena, the ISP shall have <u>10 days</u> to produce the information responsive to the
6  subpoena to Plaintiff.

7     4.  **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed
8  information pending the resolution of any timely-filed motion to quash.

9     5.  **IT IS FURTHER ORDERED** that the ISP that receives a subpoena pursuant to this order
10 shall confer with Digital Sin and shall not assess any charge in advance of providing the information
11 requested in the subpoena.  The ISP that receives a subpoena and elects to charge for the costs of
12 production shall provide a billing summary and cost reports that serve as a basis for such billing
13 summary and any costs claimed by the ISP.

14    6. **IT IS FURTHER ORDERED** that Digital Sin shall serve a copy of this order along with any
15 subpoenas issued pursuant to this order to the necessary entities.

16    7. **IT IS FURTHER ORDERED** that any information disclosed to Digital Sin in response to a
17 Rule 45 subpoena may be used by Digital Sin solely for the purpose of protecting Digital Sin's
18 rights as set forth in its complaint.

19 This disposes of ECF No. 3.

20 **IT IS SO ORDERED.**

21 Dated: November 4, 2011

22                       LAUREL BEELER
                      United States Magistrate Judge